ALFRED A. ADLER ET AL. v. CHARLES J. SEARLES.

MONEY RECEIVED. *Payment by mistake.* *Right to recover.* *Illegal transaction.* *Gambling contract.*

> Money paid by mistake is recoverable, and it is no defense to a suit therefor that the contract out of which the transaction sprang was an illegal one, where resort to the contract is unnecessary to prove the plaintiff's case.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Searles, the appellee, was plaintiff in the court below; Adler and others, partners, the appellants, were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court. The defendants were in business in New Orleans; plaintiff, in Vicksburg. Plaintiff, being in New Orleans, was requested by defendants to pay a third party $1,000, which plaintiff did, but no entry thereof was ever made on plaintiff's books. Some time after the payment one of the defendants was in Vicksburg and demanded a settlement of the plaintiff, whereupon plaintiff, unmindful for the time of the thousand-dollar payment made in New Orleans, settled with

defendants according to plaintiff's books, paying them something over $1,500. After this, the New Orleans payment being recalled, plaintiff sued defendants for the $1,000 overpaid by mistake.

The defendants sought to defend on the ground that the business between the parties, out of which the mistaken payment sprang, was the buying and selling of cotton futures, and therefore illegal gambling transactions, condemned by Code 1892, § 2117.

*T. C. Catchings,* for appellants.

The authorities are practically unanimous to the effect that a broker who negotiates gambling contracts cannot recover for commissions and advances thereon. See 14 Am. & Eng. Ency. Law, p. 640, and cases cited in note.

Counsel for appellants offered to prove that the account between them and appellee would show that he was charged with commissions growing out of gambling contracts, which amounted in the aggregate to more than $1,000 claimed to have been overpaid him. The court would not permit any inquiry as to the amount of these commissions. We submit that this was clearly erroneous; for, as we have said, appellee's own case necessarily involved an examination of every item in the account and a casting out of all improper items. It was sought to be shown by appellee that these commissions had already been paid to him, and that, these transactions being closed, the parties would not be disturbed. If the court, however, will carefully read appellee's testimony, it will see that no money was ever paid by appellant to appellee for these commissions. He deposited from time to time certain sums to cover what are denominated as "margins"—that is to say, to insure persons with whom he contracted against loss by reason of the fluctuations of the market. His account was credited with these deposits and with such profits as may have accrued to him in the course of his dealings. On the other hand, his account was charged

with the broker's commissions and with such losses as might have been incurred. This was all simply bookkeeping, and no payment was made for anything, commissions or otherwise, until a balance was finally struck and the account settled.

The trial judge held that appellant could not be permitted to inquire into sums charged him as commissions, as that would be to permit him to recover back money lost by him in executed gambling transactions.

In view of the fact that appellee's action necessarily placed in issue each item of the account, and that in order to maintain his contention of an overpayment he must prove the correctness and legality of each item of the account, we submit that the court's ruling was erroneous. By bringing suit to recover back the sum claimed as an overpayment, appellee assumed the burden of proving that by giving to appellants all proper credits and making against them only proper and legal charges they had been, in fact, overpaid. It was, we submit, entirely competent for appellee to respond that he had not been overpaid, because the account contained illegal and erroneous charges against him.

The record shows that if appellants had been permitted to make this proof, it would have developed that so far from them having been overpaid they werre, in fact, underpaid. This case comes squarely within the rule recognized by all courts, that no recovery can be had when the plaintiff must put in evidence an illegal contract.

*McLaurin, Armistead & Brien,* for appellee.

Appellant contends that there was an overpayment of gambling transactions. The record presents simply a case where the appellants had been paid by mistake money which they had no right on earth to receive; that after all future speculations, as contended for by appellants, had been closed up and finally discontinued—a long while after this, in attempting to settle with the plaintiff, they received $1,000 more than they

were entitled to receive. Surely it cannot be held as the law that, if, indeed, a person is speculating in futures, and $37.50 is due him by the broker, if the broker should pay him $1,000 too much by mistake, such person shoud receive the money, pocket the same, and then say: "Because I have heretofore bought futures through you, which transactions have been wholly closed up, when you have attempted to settle with me you paid me too much and you can't recover it back." We submit, if the court please, that after the future dealings, if such they may be called from this record, had been finally closed, but showed a balance due Adler & Co., of $37.50, and afterwards they should receive $1,000 too much, they certainly could not connect the $1,000 overpaid to them in any way with their previous future speculation. It is an independent transaction, and is not dependent on any illegal contract for recovery; it was simply money had and received without consideration, for which the law permits a recovery, as laid down in 15 Am. & Eng. Ency. Law, 992; *Jackson* v. *Dwight,* 78 Fed. Rep., 896; *Dent* v. *Ferguson,* 132 U. S., 50; *Ocean Ins. Co.* v. *Polleys,* 13 Pet. (U. S.), 157; *Armstrong* v. *Toler,* 11 Wheat. (U. S.), 258; *Hoffman* v. *McMullen,* 83 Fed. Rep., 372, case in point; *Armstrong* v. *American Exchange National Bank,* 133 U. S., 433, case in point; *Hatch* v. *Hanson,* 46 Mo. App., 323; *Roselle* v. *Beckmier,* 134 Mo., 380; *State* v. *Bevers,* 86 N. C., 588.

There is no merit whatever in the contention of counsel in reference to the inquiry as to commissions charged, which was attempted by appellants in the court below to be used as a set-off to the plaintiff's demand. Code 1892, § 688, makes it imperative that the defendant shall file with his plea or notice an account, stating distinctly the nature of the set-off and the several items thereof, and a copy of any writing intended to be set off; and, on failure to do so, he shall not be entitled to prove such set-off on the trial. As the court will see, the defendant in the court below did not do this in his pleadings, and he is therefore not entitled to prove any set-off at the trial, with

commissions or otherwise. The plaintiff in the court below was entitled to a notice of any such attempted set-off, which would give him full information of the character of the demand sought to be set off by defendant. *Phipps* v. *Shegogg,* 30 Miss., 241; *Curry* v. *Kurtz,* 33 Miss., 24; Code 1892, § 2411. Again, the court was clearly right in denying the plaintiff an inquiry into any commissions he may have paid Searles for placing his contracts to buy or sell cotton, because Code 1892, § 2117, in reference to future contracts, if the court should construe the dealings presented by this record to be future contracts, does not provide that such commissions may be recovered back, and we submit that the court properly so held. Commissions, we insist, should not come within the definition of "money lost at any game," which may be recovered back, as provided by sec. 2116 of the code.

Cox, J., delivered the opinion of the court.

This was a suit by appellee (plaintiff below) to recover of appellants (defendants below) a sum of money paid by mistake. Appellants pleaded the general issue, and gave notice that they would show on the trial that the transaction in issue was wholly based on gambling and wagering contracts. Upon the trial plaintiff testified that defendants' attention had been called to the payment by mistake, and that they promised to fix it up. Defendants, in their testimony, did not deny this, and made no claim that the money had not been paid by mistake. Defendant offered to show that commissions credited by plaintiff to himself on account of various gambling contracts placed by him for defendants amounted to more than the sum in issue, which, on objection, was not allowed. Peremptory instruction for plaintiff, and verdict and judgment accordingly.

The contention of appellants is that the dealings in question were based upon gambling contracts, and that their account had been charged with commissions claimed by appellee for negotiating his gambling contracts, which amounted in the aggre-

gate to more than the amount sued for, and that (quoting from brief of counsel for appellants) "by reason of the illegality of the contracts in question, Searles was not entitled to retain these commissions, and that they could be set off against the sum sued for." There was no error in the action of the court, and the verdict and judgment are right. Money paid by mistake may always be recovered.

*Affirmed.*

WHITFIELD, C. J., delivered the following opinion specially concurring:

If the plaintiff had to resort to a contract, executed or executory, growing out of an illegal business, to make out his case, then the defendant could successfully have resisted the claim. But the illegal business had been settled, and a new and independent element supervened—the payment by mere mistake of the $1,000—and the defendants admit that it was paid by mistake. They do not deny this. No resort was necessary to the bookkeeping to show it. This suit is not on the illegal contract. It is simply to recover the $1,000 so paid by mistake, a matter wholly apart from the illegal dealing.